IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WARREN T. KITCHEN,<br><br>        Plaintiff,<br><br>     v.<br><br>WSCO PETROLEUM CORP. dba TOAD'S,<br><br>        Defendant. | CV-04-828-ST<br><br>OPINION AND ORDER ON<br>MOTIONS TO STRIKE |

STEWART, Magistrate Judge:

**INTRODUCTION**

Defendant, WSCO Petroleum Corporation ("WSCO"), has filed Motions to Strike (docket # 76) portions of the Declarations of Warren T. Kitchen, Jack Fisher, and Frank G. Patrick submitted by plaintiff, Warren T. Kitchen ("Kitchen"), in opposition to WSCO's Motion for Summary Judgment. As explained below, those motions are granted in part and denied in part.

///

1 - OPINION AND ORDER ON MOTIONS TO STRIKE

## DISCUSSION

**I.    Kitchen Declaration**

First, WSCO seeks to strike the following statements in Kitchen's Declaration as not based upon personal knowledge:

¶ 2b: "That the error in listing the claim against WSCO Petroleum as one of my 'assets or claims' was the result of an error in communication with the staff of my bankruptcy lawyer."

¶ 3: "To say that my bankruptcy proceeding is anything less than totally confusing to both me and our lawyer would be an understatement."

¶ 4: "I can only assume that the materials … were misunderstood… ."

¶ 16: "Any mistakes that I … caused my lawyer to make have been as a result of the confusion surrounding the events and not b[y] any effort of mine to hide … ."

Through these statements, Kitchen explains why his bankruptcy attorney prepared the schedules in the way she did. WSCO is correct that Kitchen lacks personal knowledge as to his lawyer's motivation. Therefore, the sentence of paragraph 2b, as well as the reference to "our lawyer" in paragraph 3 is inadmissible evidence and stricken. However, Kitchen is free to explain his role in any error and his lack of intent to deceive his attorney. Accordingly, WSCO's motion to strike is denied as to paragraphs 4 and 16.

WSCO also moves to strike portions of Kitchen's Declaration because they directly contradict his deposition testimony. *Sea-Land Service, Inc. v. Lozen Intern., LLC*, 285 F.3d 808 (9th Cir 2002) (a party cannot avoid summary judgment merely by contradicting his or her own sworn deposition testimony with a later declaration). Specifically, WSCO moves to

2 - OPINION AND ORDER ON MOTIONS TO STRIKE

strike the following paragraphs:

> ¶ 2d: "This error was not caught by me and the subsequent questions in the Creditor's meeting were answered truthfully because I thought in fact all assets were correctly listed, especially the claim against WSCO."
>
> ¶ 2b: "It is very clear to me that my claim against WSCO was listed as a Creditor Claim on Schedule F, of the filings instead of an asset and listed appropriately on Schedule B."
>
> ¶ 13: "I provided all information incorporated into my Bankruptcy Petition, Schedules and Amendments thereto, and executed them and answered all questions under oath truthfully to the best of my ability on my information, knowledge and belief."

In his deposition, Kitchen testified that he told his attorney about the BOLI proceeding, but did not understand that his BOLI complaint was any kind of an administrative proceeding that would result in a monetary award or the ramifications for not listing that claim in his bankruptcy petition. Kitchen Depo., pp. 22-23, 27, 62-64. Before he signed his bankruptcy petition, he noticed that not all of his debts were listed, did not see his claims against Sally Leisure, WSCO, and Pistol River, was concerned that he not lose any of his rights, and asked his attorney about it. *Id* at 12, 16, 18, 66-67. He did not know if these things should be included or not, and if not, what would happen. *Id* at 18. His attorney responded that amendments could be made later, but that the schedules needed to be filed promptly. *Id* at 12, 20, 67. He relied completely on his bankruptcy attorney and, based on his conversation with her, believed that he was signing documents that complied with the bankruptcy rules. *Id* at 12, 27, 41, 58, 61. He first learned at his deposition that WSCO (as "Westco") was mistakenly listed on Schedule F (creditors holding unsecured nonpriority claims). *Id* at 59-60.

This court concludes that Kitchen's deposition testimony does not directly contradict his Declaration. As he testified in his deposition, he was aware that certain items were not listed on his bankruptcy schedules before he signed his petition, but relied on his attorney to make necessary amendments at a later date. He did not know that any error had been made. Although he had told his attorney about the BOLI proceeding, he was unaware of its precise status for bankruptcy purposes or the ramifications for not listing it on his petition. Therefore, it is not a contradiction to state in paragraphs 2d and 13 of his Declaration he did not catch the error and truthfully answered the subsequent questions in the Creditor's meeting. Although it was not clear to him before his deposition, it also is accurate for him to state, using the present verb tense after his deposition, that now it "*is* very clear" that his claim against WSCO was mistakenly listed as a Creditor Claim on Schedule F of the filings instead of an asset and listed appropriately on Schedule B. Accordingly, WSCO's motion to strike those portions of paragraphs 2d, 2b, and 13 of Kitchen's Declaration as contradicted by his deposition is denied.

WSCO also moves to strike paragraphs 10 and 14-15 as lay opinions inadmissible under FRE 702 (requiring qualification of expert witness) and FRE 701 (lay opinion rule):

> ¶ 15: "It has been my understanding that I still own all of my assets and may deal with them under the requirements of the Plan."

> ¶ 14: ". . .if the defendant's motion is granted that none of the creditors will have any opportunity to obtain more than the payments scheduled under the Plan."

> ¶ 10: "The fact that mistakes are made by clients and lawyers does not mean that someone who has done something wrong should get the benefit of that mistake. I

certainly was told that if there were errors in the 'paper work' of the bankruptcy it could be fixed later."

This court agrees with WSCO that paragraph 14 and the first sentence of paragraph 10 quoted above are inadmissible legal opinions and conclusions. However, paragraph 15 and the second sentence of paragraph 10 quoted above explain why Kitchen did not believe that he was doing anything wrong by signing his bankruptcy petition in which he noticed that not all of his debts and claims were listed. Therefore, WSCO's motion to strike is denied as to paragraph 15 and that portion of paragraph 10.

**II.     Fisher Declaration**

WSCO moves to strike the following portions of the Declaration of Jack Fisher ("Fisher"), the staff attorney for Kitchen's Bankruptcy Trustee, as inadmissible speculation, improper opinion, legal argument and conclusions of law:

¶ 6: "No actual prejudice to creditors ensues if the debtor, prior to any recovery, subsequently corrects the initial error in the schedules and modifies the plan to account for any non-exempt proceeds from the claim he failed to list in the initial schedules."

¶ 5: "The failure to list the WSCO claim in the initial schedule does not rise to prejudicial error because the claim is so speculative that the chapter 13 Trustee could not place any accurate value on the claim and so could not fill in the number in paragraph 2(f)."

¶ 3c: "I believe the following to be true and accurate … [c]onfirmation of debtors' plan vests all of the property of the estate, including a potential claim against WSCO, in the debtors."

As WSCO correctly points out, Fisher has not been qualified as an expert witness, and his conclusions are not admissible as lay opinions. FRE 702 (requiring qualification of expert witness); FRE 701 (lay opinion rule). However, his opinions are helpful to a clear understanding of the facts (FRE 701) or based upon a foundation of specialized knowledge. He does not simply argue the law, but explains the complexities of a Chapter 13 Bankruptcy as it applies to Kitchen's situation. Therefore, WSCO's motion to strike these portions of Fisher's Declaration is denied.

In addition, WSCO moves to strike as lacking personal knowledge paragraph 4 of Fisher's Declaration which states that:

"I find it extremely unlikely that if the debtors properly scheduled the asset any creditors would have found the possession of such an asset to be grounds for either appearance at the 341a meeting or for objecting to the confirmation of the plan."

This testimony is not based upon actual knowledge, but simply speculates as to what creditors may have done under different circumstances. Therefore, this testimony is inadmissible under FRE 602 (lack of knowledge) and stricken.

### III. Patrick Declaration

WSCO moves to strike part of paragraph 3 of the Patrick Declaration, which states as follows:

> I was assured by Alex Gregory in a conversation with him involving a separate client of his and mine that they would 'take care of it.' I asked in one of those conversations how any eventual proceeds would be handled in the bankruptcy and was lead [sic] to believe that an amendment of some sort would be filed once proceeds were available.

This is a hearsay statement repeating a conversation by Patrick with Kitchen's

bankruptcy attorney.  Kitchen argues that this statement is admissible to show that Patrick was misled by the same kind of statements that were made to Kitchen.  Whether Patrick was misled is irrelevant and provides no basis for any exception to the hearsay rule.  Therefore, this statement is stricken as inadmissible under FRE 802.

Second, WSCO moves to strike paragraph 4 of the Patrick Declaration which states: "I have confirmed with the Trustee by conferring with Jack Fisher that the bankruptcy case of Kitchen is still open and under the administration of that office." Pursuant to FRE 802, that hearsay statement is inadmissible.  However, Kitchen has submitted other admissible evidence that his bankruptcy case is still open.  Declaration of Frank G. Patrick in Opposition to Defendants' Motion to Strike, ¶ 2 & Exhibit A.

## **ORDER**

For the reasons set forth above, defendant's Motions to Strike (docket #76) are GRANTED IN PART and DENIED IN PART.

DATED this 13th day of January, 2006.

                                                s/ Janice M. Stewart_____
                                                Janice M. Stewart
                                                United States Magistrate Judge